## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

|  |  |
|---|---|
| **HOME CONSULTANTS, INC.** )<br>d/b/a HCI MORTGAGE )<br>473 Easton Turnpike )<br>Lake Ariel, PA 18436 )<br><br>      Plaintiff, )<br><br>v. )<br><br>**RONALD AARON CHAPMAN,** *et al.* )<br><br>      Defendants. ) | Civil Action No. PJM 07 CV-1230 |

## MOTION TO COMPEL DISCOVERY IN AID OF EXECUTION
## OF JUDGMENT AGAINST RONALD AARON CHAPMAN

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 104.8, Judgment Creditor Home

Consultants, Inc. ("Judgment Creditor" or "HCI"), by and through undersigned counsel, hereby moves

this Court to compel discovery responses from Judgment Debtor Ronald Aaron Chapman ("Mr.

Chapman") and to award costs associated with this Motion. In support of this Motion, HCI states as

follows:

1.      On July 18, 2007, this Court issued an Order entering judgment by default against Mr.

Chapman in the amount of $91,821.38, plus accruing interest on judgment principal until paid off and

costs.

2.      Under Federal Rule of Civil Procedure 69, HCI, as a judgment creditor, is entitled to

discovery in aid of execution of its money judgment against Mr. Chapman. Specifically, Rule 69

provides that a "judgment creditor . . . may obtain discovery from any person, including the judgment

debtor, as provided in these rules or by the procedure of the state where the court is located." Fed. R.

Civ. P. 69(a)(2). Appropriate methods of discovery thus include interrogatories, depositions, and

requests for production of documents.  See Fed. R. Civ. P. 30, 33, and 34.

3.      On October 4, 2007, more than two months ago, HCI served on Mr. Chapman its
Interrogatories In Aid of Execution of Judgment Against Ronald Aaron Chapman.  See Exhibit A.

4.      As of the date of this filing, Mr. Chapman has not responded to HCI's Interrogatories or
otherwise indicated that a response will be forthcoming.

5.      On November 19, 2007, HCI sent Mr. Chapman a Notice Of Deposition And Request To
Produce Documents In Aid Of Execution of Judgment Against Ronald Aaron Chapman ("Notice").  The
Notice directed Mr. Chapman to appear for a deposition upon oral examination on Tuesday, December
4, 2007, beginning at 12:00 p.m., at the offices of Venable LLP, One Church Street, Fifth Floor,
Rockville, Maryland 20850.  Pursuant to Rules 30(b)(5) and 34, the Notice also directed Mr. Chapman
to produce certain documents for examination.  See Exhibit B.

6.      On December 4, 2007, Mr. Chapman failed to appear for the deposition or to produce the
documents as requested in HCI's Notice.  Further, Mr. Chapman did not contact HCI or its counsel in
order to explain his absence or to reschedule the deposition.

7.      HCI's counsel have attempted to confer with Mr. Chapman regarding his complete
failure to cooperate in discovery, but such efforts have been unsuccessful.  These efforts, which are set
forth in greater detail in the attached Certification of Compliance With Rule 37 and Local Rule 104.7,
include a letter sent to Mr. Chapman on November 19, 2007, to which Mr. Chapman failed to respond.
See Exhibit C.

8.      HCI has made good faith efforts to obtain discovery from Mr. Chapman without court
action, but its requests for discovery have been fruitless.  Further, due to the money judgment obtained
against Mr. Chapman, there appears to be no substantial justification for Mr. Chapman's nondisclosure
and lack of response.

9.    Therefore, HCI is obliged to file this Motion to compel discovery and requests the court to award costs associated with filing this Motion, including attorneys' fees.

10.    The costs associated with this Motion are incurred solely as a result of Chapman's unwillingness to provide appropriate discovery responses as required by the Federal Rules of Civil Procedure.

11.    In the event that the Court issues an Order compelling Mr. Chapman to produce the requested discovery and Mr. Chapman fails to obey the Order, HCI requests that the Court issue further just orders sanctioning Mr. Chapman, including an order treating as contempt of court his failure to obey the Order.  See Fed. R. Civ. P. 37(b)(1) & 37(b)(2)(A)(vii) (providing that a party's failure to obey an order of the court compelling discovery may be treated as contempt of court).

WHEREFORE, Judgment Creditor HCI respectfully requests that this Court enter an Order, submitted herewith, compelling discovery and awarding payment of costs associated with this Motion.

DATED this __ day of December 2007.                Respectfully Submitted,

/s/James E. Fagan, III
James E. Fagan, III, *pro hac vice*
Ari Karen (Federal Bar No. 13848)
Venable LLP
575 7th Street NW
Washington DC 20004
Phone: (202) 344-4000
Fax: (202) 344-8300
jefagan@venable.com
akaren@venable.com
            *Counsel for Plaintiff*

## CERTIFICATION OF COMPLIANCE WITH RULE 37 AND LOCAL RULE 104.7

Pursuant to Fed. R. Civ. Proc. 37 and Local Rule 104.7, counsel for Judgment Creditor Home Consultants, Inc. ("Judgment Creditor" or "HCI") certifies that he made numerous good faith attempts to confer with Ronald Aaron Chapman, who is a *pro se* litigant, in an effort to resolve the subject of this Motion without the necessity of court involvement, but that such attempts have been without success. The attempts by Judgment Creditor's counsel to resolve this discovery dispute include the following:

(1) Counsel for HCI has attempted to reach Mr. Chapman by telephone to discuss his failure to comply with discovery, but has been unable to due so due to the fact that his last known telephone number has been disconnected.

(2) In addition to the actual requests for discovery, Counsel for HCI sent a letter to Mr. Chapman on November 19, 2007, discussing his failure to comply with discovery, but Mr. Chapman has failed to respond to this letter. See Motion at ¶ 7 and Exhibit C.

The issues requiring resolution by the Court are the following:

(1) Mr. Chapman's failure to respond to HCI's Interrogatories In Aid of Execution of Judgment Against Ronald Aaron Chapman; *and*

(2) Mr. Chapman's failure to attend the deposition noted for December 4, 2007, or to produce documents for examination at said deposition as requested by HCI in its Notice Of Deposition And Request To Produce Documents In Aid Of Execution of Judgment Against Ronald Aaron Chapman.

/s/ James E. Fagan, III
James E. Fagan, III

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion To Compel Discovery In Aid Of Execution Of

Judgment Against Ronald Aaron Chapman was sent overnight via United Parcel Service on this 5th day

of December 2007, to the following:

Ronald Aaron Chapman
4301 Cinibar Court
Fort Washington, MD 20744

AND

Joseph J. Bottiglieri
Craig L. Sarner
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, D.C. 20005
202-712-7000
*Counsel for Defendant RTE Title, LLC and Valeria Tomlin*

/s/James E. Fagan, III
James E. Fagan, III