# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| **HOME CONSULTANTS, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. PJM 07 CV-1230 |
| ) | |
| **RONALD AARON CHAPMAN**, *et al.* ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that on this 4th day of October 2007, a copy of Home Consultant, Inc.'s Interrogatories In Aid of Execution of Judgment Against Ronald Aaron Chapman was mailed, first class, postage prepaid to:

Ronald Aaron Chapman
4301 Cinibar Court
Fort Washington, MD 20744

AND

Joseph J. Bottiglieri
Craig L. Sarner
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, D.C. 20005
202-712-7000
*Counsel for Defendant RTE Title, LLC*

- 2 -

          <u> /s/ James E. Fagan, III   </u>
          Ari Karen (Federal Bar No. 13848)
          James E. Fagan, III, *pro hac vice*
          Venable LLP
          575 7th Street NW
          Washington DC 20004
          Phone: (202) 344-4000
          Fax: (202) 344-8300
          jefagan@venable.com
          akaren@venable.com
          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October 2007, a copy of the foregoing Notice of Service of Discovery Materials was sent via ECF and U.S. Mail to the following:

Ronald Aaron Chapman
4301 Cinibar Court
Fort Washington, MD 20744

AND

Joseph J. Bottiglieri
Craig L. Sarner
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, D.C. 20005
202-712-7000
*Counsel for Defendant RTE Title, LLC*

          /s/ James E. Fagan, III
          James E. Fagan, III

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| HOME CONSULTANTS, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>RONALD AARON CHAPMAN, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. PJM 07 CV-1230 |

## INTERROGATORIES IN AID OF EXECUTION OF JUDGMENT AGAINST RONALD AARON CHAPMAN

Pursuant to Fed. R. Civ. P. 33 and 69, L.R. 104, and Rule 3-633(a) of the Maryland Rules of Civil Procedure, Plaintiff Home Consultants, Inc., d/b/a HCI Mortgage, by its undersigned counsel, propounds these Interrogatories, to which Defendant Ronald Aaron Chapman shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

### INSTRUCTIONS

1.  These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by,

counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3. Pursuant to Discovery Guideline 9(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 9(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. Pursuant to Discovery Guideline 9(c), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to he interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

        (1) For oral communications:

            a. the name of the person making the communication and the names of persons present while the communication was made,

        and, where not apparent, the relationship of the persons present to the person making the communication;

    b. the date and place of the communication; and

    c. the general subject matter of the communication.

(2) For documents:

    a. the type of document,

    b. the general subject matter of the document,

    c. the date of the document, and

    d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6.    If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4. *Identify (with respect to persons):* When referring to a person, "identify," "identity," and "identification" mean to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance

with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Identify (with respect to documents):* When referring to documents, "identify," "identity," and "identification" mean to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or"

encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders

## INTERROGATORIES

1. Identify all locations where you are employed or otherwise conduct business, and include in your identification the following information: (a) the name, address and telephone number of each place of employment or business; (b) the nature of your employment or business; and (c) the amount of annual income earned as a result of such employment or business.

2. Give a complete accounting of and identify your financial net worth in the last five years, and include in your answer an identification of any financial statements or other documents evidencing your assets and liabilities during said period.

3. Identify all corporations, partnerships and business entities of any kind in which you have an interest or had an interest in the last five years, and include in your identification the following information: (a) the type of business in which the entity is engaged; (b) the nature and fair market value of your interest (including all assumptions used to arrive at said value); (c) the identity of the entity's officers, directors, resident agents, co-owners, and/or general partners; and (d) the identity of any other person who has or claims any interest in the entity and the nature and fair market value of said person's interest (including all assumptions used to arrive at said value).

4. Identify all monies or consideration of any type owing to you, and include in your identification the amount owed, due date, and factual and legal basis for the obligation.

5. Identify each and every parcel of real property, in the State of Maryland or elsewhere, in which you have any interest or have had any interest in the last five years, and include in your identification the following information: (a) the real property's location and address; (b) the nature and fair market value of your interest (including all assumptions used to arrive at said value); (c) the identity of any other person who has or claims an interest in the real property and the nature and fair market value of said person's interest (including all assumptions used to arrive at said value); and (d) reference to the deed or instrument under which you acquired title to the interest held.

6. Identify any and all bank accounts, money markets, investment accounts, certificates of deposit, savings and/or checking account, and any other accounts in which you now have or have had an interest in the last five years, and include in your identification the following information: (a) name and address of the bank, brokerage, building, savings and loan association, or other financial institution; (b) type and number of account; (c) date the account was opened; (d) balance as of the date these interrogatories were served on you, and the encumbrances thereon; (e) the date the account was closed, if closed; and (f) all transfers or payments of $1,000 or more in the last five years, the identify of the person or account to whom the transfer was made, the date of transfer, and the reason for the transfer.

7. Identify every motor vehicle, boat, and airplane in which you now hold or have held an interest in the last five years, and include in your identification the following information: (a) the make, year, model, mileage, registration number and/or serial number of each; (b) the specific place where each is normally and currently located; (c) the nature and fair market value of your interest (including all assumptions used to arrive

at said value); (d) the identify of each person who has or claims an interest in the property and the nature and fair market value of said person's interest (including all assumptions used to arrive at said value); and (e) reference to the title or instrument under which you acquired interest in the property.

8.  Identify all goods or personal property of any kind in which you now hold or have held an interest in the last five years, including any wares, equipment, computers, merchandise, money, furniture, fixtures, chattels, art, old coins, stamps, jewelry, gems, stocks, bonds, negotiable instruments, patents, copyrights, or other tangible or intangible personal property, and include in your identification the following information: (a) the number owned; (b) the nature and fair market value of your interest (including all assumptions used to arrive at said value); (c) the address and location of each; and (d) the identity of any other person who holds or claims an interest in the good and the nature and fair market value of said person's interest (including all assumptions used to arrive at said value).

9.  Identify all leases, contracts, lawsuits and claims of any kind (collectively, "claims"), regardless of whether the claim has been asserted, that you now hold or have held against any third party in the last five years, and include in your identification the following information: (a) the nature and value of the claim (including all assumptions used to arrive at said value); (b) the identity of documents that support the claim; (c) the identity of the person against whom you have a claim; and (d) the court or agency in which the claim was filed and relevant case numbers, if applicable.

10. Identify all mortgagees and other persons possessing any lien or encumbrance upon all property or properties listed in response to these Interrogatories,

and include in your identification the following information: (a) the type of lien or encumbrance; (b) the date incurred or acquired; (c) the face amount thereof; (d) the balance due thereon as of the date the answer is given; (e) the date the balance is due; and (f) whether or not payments are in arrears.

11.     Identify all chattel or real estate mortgages, leases, or contracts owned by you or by you as a co-owner with any other person or entity at any time in the last five years, and include in your identification the following information: (a) the nature and fair market value of your interest (including all assumptions used to arrive at said value) and (b) the identity of any other person who owns an interest in the mortgage, lease, or contract and the nature and fair market value of said person's interest (including all assumptions used to arrive at said value).

12.     Identify all sources and amounts of income in the last five years, other than those fully indicated in the above Interrogatories, and include in your identification the following information: (a) the annual income received from each source; (b) the adjusted gross income reported to any tax authorities; (c) the taxes paid; and (d) the amount of income anticipated from that source for the next five years.

13.     Identify all other assets not already described in response to the above Interrogatories, and include in your identification the following information: (a) a description of the asset; (b) the nature and fair market value of your interest (including all assumptions used to arrive at said value); (c) the asset's location; and (d) the identify of any other person who shares any interest in the asset and the nature and fair market value of said person's interest (including all assumptions used to arrive at said value).

14. For each note, interest in a business entity, or interest in real or personal property of any kind identified in these Interrogatories that you no longer own, identify whether the note or interest has been sold, transferred or satisfied, and include in your identification the following information: (a) the identity of the person to whom the note or interest was sold, transferred or satisfied and (b) the exact amount of consideration, credit, payment or repayment you received, when you received it, and from whom.

15. Identify all persons who have an ownership interest in any property in your possession, and include in your identification the nature and fair market value of the person's interest (including all assumptions used to arrive at said value).

16. Identify all documents that concern, relate or otherwise make reference to the matters inquired into in these Interrogatories, including any federal and state tax returns, and for each document identify each person (including accountants and attorneys) who has possession of the document and the place where each such person keeps, retains or stores said document.

17. Identify all lawyers and accountants whose services you have used in the last five years, and include in your identification a description of the services provided by the lawyer or accountant identified.

18. Identify all persons with knowledge of the answers provided to these Interrogatories, and include in your identification a description of each person's knowledge.

- 11 -

DATED this 4th day of October 2007.                    Respectfully Submitted,

_____
Ari Karen (Federal Bar No. 13848)
James E. Fagan, III, *pro hac vice*
Venable LLP
575 7th Street NW
Washington DC 20004
Phone: (202) 344-4000
Fax: (202) 344-8300
jefagan@venable.com
akaren@venable.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Interrogatories In Aid of Execution of Judgment Against Ronald Aaron Chapman was sent via U.S. Mail on this 4th day of October 2007, to the following:

Ronald Aaron Chapman
4301 Cinibar Court
Fort Washington, MD 20744

AND

Joseph J. Bottiglieri
Craig L. Sarner
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, D.C. 20005
202-712-7000
*Counsel for Defendant RTE Title, LLC*

_____
James E. Fagan, III